IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EDDIE JAMES ROBERSON | § | |
| v. | § | CIVIL ACTION NO. 2:05cv414 |
| HAROLD HAYES, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Eddie Roberson, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Roberson complained that a forklift driver dropped "busted cabinet materials" on his head, causing him injury. He says that this happened at Republic Industries in Marshall, Texas, although the date of the incident is not clear. He asked that the lawsuit be tried before a jury of four black persons, four white persons, and four Hispanic persons, that he be awarded $100 million in damages, that the forklift operator and the director of Republic Industries be fired, and that he be given a lifetime job at Republic Industries.

On September 29, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Roberson was well known to the Court, having filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. In addition, the Magistrate Judge noted that the Southern District of Texas has sanctioned Roberson by ordering that he cannot file any further civil actions *in forma pauperis* without specific permission from a judicial officer. As the Magistrate Judge

stated, the Eastern District of Texas honors sanctions imposed by other federal district courts in the State of Texas.  General Order No. 94-6 (E.D.Tex., February 2, 1994).

Because Roberson has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim, the Magistrate Judge determined that Roberson's lawsuit was subject to the strictures of 28 U.S.C. §1915(g).  Under the terms of this statute, Roberson cannot bring an action under the *in forma pauperis* statute unless he is in imminent danger of serious physical injury.  Adepegba v. Hammons, 103 F.3d 383. 386-87 (5th Cir. 1996).  Because Roberson did not pay the full filing fee nor show that he is in imminent danger of serious physical injury, the Magistrate Judge recommended that his lawsuit be dismissed.  The Magistrate Judge noted that Roberson would have to seek and receive permission from a judicial officer to refile his lawsuit, pursuant to the sanctions imposed by the Southern District, but recommended that if Roberson paid the full $250.00 filing fee within 15 days after the entry of the order of dismissal, and receive permission to file from a judicial officer of the Court, he should be allowed to continue with his lawsuit as though the full fee were paid from the outset.

A copy of this Report was sent to Roberson at his last known address, but was returned as undeliverable.  On August 4, 2006, Roberson notified the Court of a new address, and the Clerk sent him copies of all of the documents filed in the case.  On August 18, 2006, Roberson filed objections to the Report of the Magistrate Judge.

In his objections, Roberson says that his case should not be dismissed, but should be set for trial before a jury of four white persons, four black persons, and four Hispanic persons.  He also says that he wants an evidentiary hearing and that he is in imminent danger of serious physical injury, although he offers no facts to support this contention.  Roberson says that his prior alleged frivolous lawsuits are on appeal, that he has received permission from a judicial officer to file this lawsuit, that he cannot afford to pay the filing fee, and that he wants an attorney to represent him.

A review of the on-line records of the Fifth Circuit show that no appeals are pending in any of the cases cited by the Magistrate Judge.  There is no indication in this case that Roberson

sought or received permission from any judicial officer to file this lawsuit.  He has not shown entitlement to appointment of counsel or to proceed with his lawsuit.  Roberson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee, once leave to file from a judicial officer of this Court has been obtained.  It is further

ORDERED that if Roberson pays the full filing fee within 15 days after the date of entry of dismissal, and receives permission from a judicial officer to file his case, he shall be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 29th day of September, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE